[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court are objections to the findings of fact issued by a fact finder pursuant to General Statutes § 52-549n.[1]
The plaintiff, Anchor Electrical Contractors, Inc., filed a one-count complaint arising out of contract for electrical work at the New South End Elementary School in the City of Waterbury. The dispute involves two particular items which the plaintiff has claimed as change orders and which defendant claims were required under the terms of the contract.
The matter was referred to a fact finder pursuant to § 52-549n.[2]
Following a two-day hearing, on August 28, 2000, the fact finder issued a report to the court finding in favor of the plaintiff and recommending a total award of $32,393.87. After the time was extended by the court (Langenbach, J.), the defendant filed objections to the findings of fact pursuant to General Statutes § 52-549s(a)[3] which the plaintiff opposes. CT Page 14212
Following is a summary of the findings of fact: The plaintiff seeks recovery for what it characterizes as the defendant's request for two change orders: (1) a change order relating to the use of steel conduit under slab areas as opposed to plastic (PVC) conduit; and (2) a change order involving the tie back and securing of certain light fixtures.
With respect to the steel conduits, the plaintiff seeks $22,733.87 for labor, material, overhead and profit after being required by the project manager to use steel conduit instead of PVC conduit under concrete slab. The plaintiff claimed that the contract specifications only required the use of PVC under slab areas as opposed to the more expensive steel conduit.
In an effort to resolve the disputed claims of the parties, the fact finder reviewed the contract to determine whether the contract specifications called for the use of PVC or steel conduit under slab areas. The fact finder found a conflict in the specification provisions that could not be clarified or harmonized within the four corners of the contract between the material specified in the "Execution and Installation" section of the contract which called for the use of PVC (plastic) conduit and that specified in the "Product" section of the contract which called for the use of rigid steel conduit. The fact finder thereafter interpreted the contract and determined that the plaintiff's interpretation was permissible, reasonable and supported by credible corroborating testimony to the effect that it is common industry practice to use plastic conduit in sub-surface environments and also to look to the installation section of the specifications to determine the products called for in a given location. Accordingly, the fact finder awarded the plaintiff the requested damages.
With respect to the tie backs, the plaintiff sought $9,660 in compensation for labor, overhead and profit to attach tie wires to fixtures at the request of the project manager. The fact finder reviewed the contract specifications and determined, that based on the more credible evidence, that the tie backs were the responsibility of the ceiling contractor and were therefore not contemplated by the plaintiff's bid. The fact finder further found that the project manager requested the plaintiff to undertake the tie back work in consideration for extra compensation. Accordingly, the fact finder awarded the plaintiff its requested relief further finding that an award of statutory interest was not warranted by the circumstances.
 Standard of Review
"A reviewing authority may not substitute its findings for those of the CT Page 14213 trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Citations omitted; internal quotation marks omitted.) Elgar v. Elgar, 238 Conn. 839, 848, 679 A.2d 937
(1996). "In a contract action, findings of fact should be overturned only when they are clearly erroneous." Wilcox Trucking, Inc. v. MansourBuilders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990).
 I
The defendant's first challenge to the findings is advanced with respect to the fact finder's interpretation of the contract. "The fact finder erred in granting conditional admissibility of extrinsic evidence . . . and that [the] evidence allowed in `conditionally' . . . ultimately persuaded the [fact finder] that the contract was ambiguous." (Defendant's Objections, p. 14.) In other words, the defendant's challenge is to the fact finder's finding that the contract was ambiguous because, it is claimed, that in coming to that conclusion the fact finder impermissibly relied on conditionally admitted evidence. The plaintiff claims that the record independently of the extrinsic evidence supports the finding that the contract was ambiguous.
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . ." (Citations omitted; internal quotation marks omitted.)Tallmadge Bros. v. Iroquois Gas Transmission System,252 Conn. 479, 495, 746 A.2d 1277 (2000). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) Southeastern Connecticut Regional ResourcesRecovery Authority v. Dept. of Public Utility Control,244 Conn. 280, 291, 709 A.2d 549 (1998). Where a contract term is ambiguous extrinsic evidence is admissible to assist the court in resolving the question of the parties' intent." Cody v. RemingtonElectric Shavers, 179 Conn. 494, 500, 427 A.2d 810 (1980).
"Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion. " Levine v. Advest, Inc., 244 Conn. 732, 746, CT Page 14214714 A.2d 649 (1998). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." TallmadgeBros. v. Iroquois Gas Transmission System, supra, 252 Conn. 498.
The fact finder made a finding that the contract was ambiguous on the basis of a comparison of the "Execution and Installation" section of the conduit specifications; (Plaintiff's Exhibit A: Installation Specifications [Installation Specifications]); and the "Products" section of the conduit specification. (Plaintiff's Exhibit A: Product Specifications [Product Specifications].) The fact finder found "a direct conflict between the . . . [Installation Specifications] on line 41 of page 5 referencing PVC plastic installed under slab and . . . [the Product Specifications] instructing the use of rigid steel conduit under slab." (Findings of Fact, p. 4.)
The installation specifications read in relevant part: "PVC installedunderground or underslab shall be terminated with galvanized rigid conduit beginning at and including the radius elbow and extending up through the grade elevation of slab." (Emphasis added.) (Installation Specifications, p. 16112-5.) The installation specifications further read: "PVC installed underground shall be terminated with galvanized rigid conduit beginning at and including the radius elbow and extending up through grade elevation. " (Installation Specifications, p. 16112-7.) The relevant product specifications indicate that rigid steel conduit be used (1) in or under slab on grade; (2) in outdoor locations above grade; and (3) in slab above grade. (Emphasis added.) (Product Specifications, p. 16112-2 and 16112-3.) The same section indicates that PVC conduit may be utilized for situations involving direct burial of the conduit where accepted by the engineer, i.e., below grade. (Id.)
The plain language of the product specifications requires the use of rigid steel conduit in or under slab on grade. The installation specifications, however, call for PVC conduit to be used underground or under slab. These requirements when read together create an ambiguity in the contract with respect to the conduit issue.
Despite this apparent ambiguity, the defendant contends that the two provisions read together may be reconciled. The defendant argues that in construing the installation specifications "[r]eference has to be made to the products section to clarify where the installation provisions . . . [are] relevant." (Defendant's Objections, p. 15.) In other words, the defendant claims that a contractor installing the conduit according to the installation specifications must examine the product specifications to determine the appropriate type of conduit for use above, on or below grade. CT Page 14215
Reference to the product specifications, however, does not resolve the ambiguity. "[T]he interpretation of contracts requires . . . [the court] to construe all of the relevant provisions as a whole so that none is rendered meaningless." Groton v. Yankee Gas Services Co., 224 Conn. 675,689 n. 13, 620 A.2d 771 (1993). If the fact finder were to have concluded that the product specifications absolutely prohibited the use of PVC under slab then the reference to PVC installed under slab found in the installation specifications would be rendered meaningless. Because the construction urged would be inappropriate, there is an ambiguity that cannot be reconciled. The finding of the fact finder, therefore, that the contract was ambiguous and his subsequent consideration of extrinsic evidence, is not clearly erroneous.
 II
The defendant next challenges the fact finder's finding regarding the plaintiff's assumption of the tie back installation. The defendant disputes the fact finder's finding on three grounds. First, the defendant claims that the evidence does not support the finding that the ceiling contractor was responsible for the tie backs. Second, the defendant claims that impetus for the plaintiff assuming responsibility for the tie backs was the application for the certificate of occupancy, yet the fact finder determined that the oral agreement occurred months prior to that application. Finally, the defendant argues that the fact finder's finding is improper because the complaint alleges a breach of a written contract and a finding is made as to a breach of an oral agreement. (Findings of Fact, p. 7.)
The fact finder reviewed the specifications to determine whether the responsibility for the tie backs was allocated to the plaintiff or the ceiling contractor. (Defendant's Exhibit 1: Specifications, entitled "Seismic Restraint." [Seismic Restraint Specifications]) The fact finder found that there was no clarity or specificity in the contract as to whether the tie backs were the responsibility of the plaintiff or the ceiling contractor. (Findings of Fact, p. 6.) The fact finder then found from the testimony in its entirety, that the "double wires" referenced in the seismic restraint specifications were in fact tie backs.[4]
(Findings of Fact, p. 7.) The fact finder noted that Mr. Graikowski, the defendant's project manager, testified that this reference was located in the specifications directed to the ceiling contractor. Id. On this basis the fact finder found that the ceiling contractor was responsible for the tie backs pursuant to the contract.
Having come to the conclusion that the tie backs were the responsibility of the ceiling contractor, the fact finder found "that . . . [the plaintiff was] orally requested by . . . [Mr. Graikowski, the CT Page 14216 defendant's project manager] to undertake this work in consideration for extra compensation. . . ." (Findings of Fact, p. 7.) The fact finder based his findings on the tie back issue primarily on what he characterized as the "credible testimony" of Mr. Sybel, the plaintiff's project manager, and Mr. Lamenzo, the plaintiff's president. The fact finder awarded the plaintiff its requested relief without an assessment of statutory interest. (Findings of Fact, p. 7.)
The defendant's first two challenges to the finding are easily rejected. A review of the testimony and evidence presented on the issue of the tie backs reveals that the fact finder's findings regarding the tie backs are supported by credible evidence. In fact, with respect to the timing of the assumption of responsibility for the tie backs, the fact finder specifically found that "Mr. [Sybil's] testimony informs that the [defendant's] request for tie backs was made near the conclusion of the job. . . ." (Findings of Fact, p. 6.) This finding is not clearly erroneous.
Finally, the findings of the fact finder are consistent with the pleaded written contract. "The interpretation of pleadings is always a question for the court. . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. . . ." (Citations omitted; internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 82-83, 700 A.2d 655 (1997).
The complaint alleged that the plaintiff and the defendant entered into a contract on the basis of a bid adjusted by change orders. (Complaint, ¶ 3.) The plaintiff made a demand for payment that was adjusted by the amount of the tie back change order. (Complaint, ¶¶ 4, 5.) Finally, the plaintiff alleged that the defendant failed to pay pursuant to Article Four of the contract. (Complaint, ¶ 7.) Although the fact finder found that the request to assume responsibility was an oral request, in effect, it was an oral change order. This finding is consistent with the pleadings because the written contract contemplates change orders and the amount due under the contract is adjusted by the change orders. Thus, failure to pay the amount due as adjusted by the change order would be a breach of the contract. The finding, therefore, is supported by the evidence and is consistent with the pleadings. CT Page 14217
 CONCLUSION
After a review of the testimony and documentary evidence provided to the fact finder, the court concludes that there is a sufficient basis upon which the fact finder was able to make his findings of fact. Accordingly, the court concludes that the findings of fact are not clearly erroneous and. pursuant to § 52-549s(a)(1), hereby renders judgment in accordance with the recommendations of the factfinder as follows: With respect to the additional costs attendant to the installation of rigid steel conduit under slab, the court awards the plaintiff the amount of $22,733.87; and, for the additional costs incurred with respect to the tie backs, the court awards the plaintiff the amount of $9,660. Accordingly, the court orders judgment for the plaintiff in the aggregate amount of $32,393.87.
It is so ordered.
Peck, J.